**ABBEY SPANIER RODD & ABRAMS, LLP**
ATTORNEYS AT LAW

212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com

JUDITH L. SPANIER

jspanier@abbeyspanier.com

October 2, 2007

**VIA FEDEX**

Honorable Charles L. Brieant
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601

      Re:    **In re ITT Corporation Derivative Litigation**
               **Master Docket No. 07-cv-2878 (CLB)**

Dear Judge Brieant:

      This firm is one of the counsel representing Plaintiff Anthony Reale ("Plaintiff") in this consolidated shareholder's derivative action. We ask the Court to accept this response to Defendant ITT's September 13, 2007 letter (the "September 13 Letter") to Your Honor, which was submitted in opposition to our September 10, 2007 Letter (the "September 10 Letter").

      In the September 10 Letter Plaintiffs requested an in-person conference with the Court to discuss ITT's refusal to provide the names and addresses of several unknown defendants (the "John Doe Defendants") or, in the alternative, to seek leave to file a motion for limited expedited discovery to obtain that information. The Court has scheduled a conference with the parties for October 5, 2007 to discuss this matter.

      The September 13 Letter does not provide a basis for denying Plaintiffs' limited request for the names and addresses of the John Doe Defendants.

      <u>First</u>, ITT—on whose behalf this suit is brought—is not harmed, prejudiced or unduly burdened by providing the John Doe Defendants' names and addresses. ITT concedes this point *sub silencio*. In contrast, Plaintiffs may suffer irreparable harm if ITT is not compelled to

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
October 2, 2007
Page 2

provide this limited information because they may be deprived of the opportunity to serve the John Doe Defendants with process before the expiration of the applicable statute of limitations.

Second, the one paragraph ITT devotes to opposing Plaintiffs' request for limited expedited discovery[1] does nothing to advance ITT's position. September 13 Letter at 4. ITT argues that Plaintiffs have "speculat[ed]" that the statute of limitations is in danger of running on the claims against the John Doe Defendants and has implicitly invited Plaintiffs to specify the applicable statutes of limitations. September 13 Letter at 4. Plaintiffs have made it clear that the *Reale* complaint alleges actionable conduct as early as 1998, nearly ten years ago. September 10 Letter at 3-4. In our view, an analysis of the applicable statute of limitations at this stage of the litigation would be premature and would needlessly disclose attorney work product. However, Plaintiffs are willing to submit an analysis of the statute of limitations, should the Court so desire, for *in camera* review.

---

[1] Under the guise of a letter opposing the September 10 Letter, ITT has filed a *de facto* motion to dismiss which is premature under the September 10, 2007 Stipulation and Order into which the parties entered in this consolidated action. Plaintiffs will address ITT's arguments concerning standing to assert a derivative claim, ITT's hiring of a purported "independent" investigator, and the sufficiency of Plaintiffs' demand excused allegations when it is appropriate under the schedule that the parties have agreed to and the Court has ordered, to wit, after Plaintiffs' amended complaint is filed on October 25, 2007 and after ITT files a motion to dismiss it.

Worth noting, however, is Defendant's claim that Susan Brune, Esq., has been retained as "independent counsel" to investigate the wrongdoing at ITT. September 13 Letter at 2. While Plaintiffs do not doubt Ms. Brune's competence as an attorney, it is clear that Ms. Brune's investigation will suffer from conflict because she is a defense attorney and not an independent investigator. Indeed, Ms. Brune's website states that Ms. Brune "recently obtained a dismissal with prejudice for a large law firm accused of breaching fiduciary duties[.]" http://bruneandrichard.com/susan_brune.htm

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
October 2, 2007
Page 3

Third, ITT easily can avoid disclosing the identities of the John Doe Defendants by simply advising the Court and the parties that it has entered into an agreement with the John Doe Defendants to toll the statute of limitations for potential claims against the John Doe Defendants (or that it is in the process of doing so). ITT's silence on this point suggests no such tolling agreement exists. ITT should not be allowed to permit the statute of limitations in this derivative action to run on the John Doe Defendants while it sits dormant on its own rights.[2]

Finally, ITT's argument for a discovery stay in this case is misplaced. The information Plaintiffs seek here—unlike the merits discovery the plaintiffs sought in the opinions upon which ITT relies—has no bearing whatever on the substance of this case.

Defendant's attempt to import the PSLRA's discovery stay into this state-law derivative action suffers from a fatal flaw: there is no related claim for securities fraud. "[O]n the whole federal courts have refused to stay discovery in derivative actions brought independently of parallel securities fraud actions." *In re First Bancorp Deriv. Litig.*, 407 F. Supp. 2d 585, 586 (S.D.N.Y. 2006) (emphasis added) (cited by Defendant) (granting the defendant's motion to stay discovery in a derivative action where parallel federal securities fraud actions were pending and automatic stay would apply to the securities actions); *Melzer v. CNET Networks, Inc.*, 2006 U.S. Dist. LEXIS 93711 at *3, 2006 WL 3716477 (N.D. Cal. Dec. 15, 2006) (cited by Defendant)

---

[2] ITT has already shown its willingness to let the statute of limitations run on the claims related to this action. When U.S. Attorney Thomas Brownlee announced ITT's guilty plea, he noted that ITT fought the government's investigation, and attempted "to essentially run out the clock on the statute of limitations."

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
October 2, 2007
Page 4

(same). No parallel securities fraud action has been filed here, and thus there is no danger of a conflict with the federal securities laws.[3]

Accordingly, Plaintiffs respectfully request that the Court require Defendant ITT to produce the names and addresses of the John Doe Defendants or, alternatively, that the Court permit Plaintiffs to file a motion seeking limited expedited discovery for that information.

Respectfully submitted,

*Judith L. Spanier*
Judith L. Spanier

cc: All counsel of record
(By fax and U.S. mail)

---

[3] An additional case cited by Defendant (September 13 Letter at 2) does not apply because it is procedurally inapposite. In that case, the court stayed discovery after granting the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 23.1. *In re Openwave Sys. S'holder Deriv. Litig.*, 2007 U.S. Dist. LEXIS 36517, at *32, 2007 WL 1456039 (N.D. Cal. May 17, 2007).