**ABBEY SPANIER RODD & ABRAMS, LLP**
ATTORNEYS AT LAW

212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com

JUDITH L. SPANIER

jspanier@abbeyspanier.com

September 10, 2007

**VIA FEDEX**

Honorable Charles L. Brieant
United States District Court
 For the Southern District of New York
United States Courthouse
300 Quarropas St., Room 275
White Plains, New York 10601

> Re:    **In re ITT Corporation Derivative Litigation**
>         **Master Docket No. 07-cv-2878 (CLB)**

Dear Judge Brieant:

I am one of the counsel representing Plaintiff Anthony Reale ("Plaintiff") in this shareholder's derivative action, which was consolidated by Stipulation and Order dated September 10, 2007.[1]  Pursuant to Local Civil Rules 37.2 and 37.3, I write to request a pre-motion conference with the Court regarding Plaintiff's need to obtain information from Defendant ITT Corp. ("ITT") as to the identity and location of several defendants named in the Complaint as John Does (the "John Doe Defendants").  ITT has refused to voluntarily provide this information.  Absent this information, plaintiff cannot serve these parties with process.  Plaintiff suggests that an in person appearance of the parties' counsel would result in a quick resolution of this issue.

This case involves the clandestine provision of information concerning secret military hardware to unfriendly foreign governments by employees of ITT, who also misled governmental investigations.  The conduct of the John Doe Defendants was a substantial

---

[1]   The September 10, 2007 Stipulation and Order also set a schedule for the filing of a Consolidated Amended complaint and ITT's motion to dismiss.

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
September 10, 2007
Page 2

proximate cause of liability in this action. It is therefore essential that Plaintiff obtain

information sufficient to serve them with notice of this action before the running of the statute of

limitations.

In the criminal proceeding from which this case arose, ITT pled guilty on March 27, 2007

to federal felonies involving the willful export of defense articles without a license and the

willful omission of statements of material facts in arms control exports. As part of the plea

agreement, ITT agreed, *inter alia*, to pay $100 million of shareholder money in criminal

penalties, fines and forfeitures.

The identity and location of the John Doe Defendants is unknown to Plaintiff, yet is

known to Defendants. If Plaintiffs are not able to obtain the identity of the John Doe

Defendants, Plaintiff's case may be irreparably harmed due to the running of the statute of

limitations before service of process can be made on the John Doe Defendants. Accordingly,

Plaintiff respectfully requests the Court to require ITT to disclose to Plaintiff the identity and

location for service of process of the John Doe Defendants or, in the alternative, permit Plaintiff

to file a motion seeking expedited discovery of that information.

Federal Rule of Civil Procedure 26(d) expressly contemplates that a court may alter the

sequence and timing of discovery provided for by the Federal Rules of Civil Procedure where

appropriate. District courts have concluded that applications for expedited discovery are subject

to a court's discretion rather than to any specific test. *See Ayyash v. Bank Al-Madina*, 233

F.R.D. 325, 326-27 (S.D.N.Y. 2005); *Soler v. G&U, Inc.*, 86 F.R.D. 524, 531 (S.D.N.Y. 1980)

("A district court is vested with broad discretion in entertaining a discovery motion, and the

Rules are to be liberally construed and applied."). "In deciding on a matter merely of regulating

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
September 10, 2007
Page 3

the timing of discovery, it makes sense to examine the discovery request . . . and the

reasonableness of the request in light of all the surrounding circumstances." *Ayyash*, 233 F.R.D.

at 327 (citations and quotation marks omitted). This is especially true where John Doe

defendants are at issue, and statute of limitations defenses may be invoked. *See eg., Estate of*

*Pendelton v. Davis*, No. 1:06-cv-1945, 2006 U.S. Dist. LEXIS 73687 (E.D. Pa. Oct. 10,

2006)(expedited discovery granted so that plaintiffs could timely discover the identities of "John

Doe" defendants); *In re Mirant Corp.*, 326 B.R. 354, 357 (Bankr. N.D. Tex. June 1, 2005)

("Discovery now, not later, may be critical to ensure that no viable cause of action is lost, for

while it may be certain suit will be filed against TSC, *that does not mean all possible claims,*

*some of which might soon be lost, have been identified.*")(emphasis added); *Soler v. G & U, Inc.,*

86 F.R.D. 524, 531 (S.D.N.Y. 1980)("In light of the time pressures generated by the statute of

limitations for the 1978 claims, the Court concludes that the plaintiffs' motion for expedited

discovery should be granted.").

Plaintiff's request for limited expedited discovery is highly reasonable in this case. The

conduct of the John Doe Defendants—four managers identified in the Complaint as John Doe

Defendant Manager A; John Doe Defendant Manager B; John Doe Defendant Manager C; John

Doe Defendant Manager D (the "John Doe Defendant Managers"); and John Doe Defendant

Law Firm—was central to this case and was a substantial proximate cause of the harm to ITT.

The Complaint alleges many illegal acts of the John Doe Defendants including, but not

limited to the following: John Doe Defendant Manager A ordered an employee to illegally

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
September 10, 2007
Page 4

transfer sensitive export-controlled night vision equipment to a foreign customer when ITT did

not have clearance to export such information.  This occurred in 1998.  ¶55-56.[2]

John Doe Defendant Manager B admitted awareness of ITT's failure to abide by

licensing requirements (¶¶ 69-70), illegally exported sensitive drawings to a company in

Singapore despite full knowledge of the illegality of his actions, (¶¶ 83-84) and then lied to ITT's

compliance employees about his actions.  ¶94.  This conduct took place in the years 2000 and

2001.  ¶¶ 69, 94.

In 2001, at John Doe Defendant Manager B's direction, John Doe Defendant Manager C

illegally sent through the U.S. Mail, in blatant and egregious violation of United States laws,

classified specifications to a United Kingdom company that had no authority or clearance to

receive those specifications.  ¶91.

John Doe Defendant Manager D continuously allowed ITT to export drawings and

specifications without a license, despite having warned other ITT employees of the illegality of

doing so.  ¶110.  This conduct occurred as early as 2004.

In the year 2000, John Doe Defendant Law Firm helped ITT cover up its blatant

violations of the export laws by sending misleading "disclosure letters" to the U.S. government

that resulted in the government electing not to prosecute ITT.  ¶¶58-60.  The government later

found that the law firm intentionally withheld from the U.S. State Department material facts,

information and circumstances about ITT's export license violations in an effort to limit the

potential penalties and consequences that the government might otherwise have imposed on ITT.

¶61.

---

[2]   Citations to "¶__" refer to the Complaint.

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Charles L. Brieant
September 10, 2007
Page 5

Accordingly, Plaintiff respectfully requests that the Court require that Defendant ITT

produce the identities and locations of the John Doe Defendants or, alternatively that the Court

permit plaintiff to file a motion seeking limited expedited discovery for that information.

Respectfully submitted,

Judith L. Spanier
*Attorney for Plaintiff*

cc:     All counsel of record