## SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-2519

E-MAIL ADDRESS

pcurnin@stblaw.com

BY FACSIMILE (914) 390-4085          September 13, 2007

Re:    *In re ITT Corp. Derivative Litig.*, No. 07 Civ. 2878 (CLB) (MDF)

The Honorable Charles L. Brieant
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Dear Judge Brieant:

We write on behalf of ITT Corporation in response to the letter to the Court from Judith L. Spanier, Esq. dated September 10, 2007. Plaintiff's request for a conference and expedited discovery should be denied.[1]

### Background

This consolidated derivative action arises out of ITT's settlement of a criminal investigation with the U.S. Attorney's Office for the Western District of Virginia on March 27, 2007. The investigation related to compliance by ITT employees with export regulations applicable to certain technical specifications and drawings used in the manufacture of Night Vision products for the U.S. military. Under the settlement, ITT pled guilty to two counts of violations of International Traffic and Arms Regulations ("ITAR"), the implementing regulations of the Arms Export Control Act. ITT agreed to pay $50 million in fines, forfeitures and penalties. The settlement also provided for deferment of action on a third ITAR violation in exchange for ITT's implementation of a remedial action plan and investment of $50 million over five years into its Night Vision products.

On April 12, Plaintiff sent a demand letter to the ITT Board of Directors (the "Demand Letter"), requesting that the Company "commence legal proceedings against the individuals responsible" for the ITAR violations. On June 8, I spoke with Ms. Spanier and informed her that ITT had received the Demand Letter and was in the process of retaining independent counsel to assist in an investigation, who would contact Ms. Spanier in the

---

[1] We note that while Ms. Spanier's letter was dated September 10, it was not served until September 11.

SIMPSON THACHER & BARTLETT LLP

The Honorable Charles L. Brieant     -2-     September 13, 2007

future. I confirmed this conversation in a letter. Since that time, Susan Brune of Brune & Richard, an experienced former Assistant United States Attorney in this District, has been retained as independent counsel.

On August 17, without contacting me to discuss the Demand Letter or the status of the investigation I had previously discussed with Ms. Spanier, Plaintiff filed a derivative complaint on behalf of ITT. Plaintiff's complaint alleges claims of breach of fiduciary duty and gross mismanagement against ITT's directors, breach of fiduciary duty against four John Doe Manager Defendants, and professional negligence and aiding and abetting breach of fiduciary duty against a John Doe Law Firm Defendant. Only the claims against the John Doe Defendants are raised in Plaintiff's September 10 letter.

By Stipulation and Order dated September 10, Plaintiff's case was consolidated with two related actions. Under the Order, Defendants have no obligation to respond to the existing complaints and Plaintiffs must file a consolidated amended complaint by October 25. The Order also establishes a schedule for ITT's anticipated motion to dismiss the complaint for failure to properly allege that demand should be excused. *See* FED. R. CIV. P 23.1; IND. CODE ANN. § 23-1-32-2.[2]

### Discussion

The Court should not permit the requested expedited discovery. To the contrary, courts in this District and elsewhere have granted complete stays of discovery in derivative actions pending resolution of motions to dismiss under Rule 23.1. As Judge Rakoff recently held in granting a stay in *In re First Bancorp Derivative Litigation*, "the very existence of this special rule [Rule 23.1] bears testament to Congress' concern that derivative actions—in which individual shareholders seek, in effect, to speak for the corporation—may often partake of their own special abuses and therefore ought to be subject to early scrutiny by the courts." 407 F. Supp. 2d 585, 586-87 (S.D.N.Y. 2006) (comparing Rule 23.1 to the automatic stay of discovery provision enacted in the Private Securities Litigation Reform Act); *see also In re Openwave Sys., Inc. Shareholder Derivative Litig.*, 2007 WL 1456039, at *10 (N.D. Cal. May 17, 2007) (following *First Bancorp* and granting stay); *Melzer v. CNET Networks, Inc.*, 2006 WL 3716477, at *4 (N.D. Cal. Dec. 15, 2006) (denying motion for discovery in aid of preparing an amended complaint in derivative action). This reasoning applies with great force in this case because Plaintiff cannot establish standing to assert derivative claims on behalf of ITT against the John Doe Defendants.

First, by making a demand on the ITT Board, Plaintiff has conceded that demand is not excused as futile. As the Delaware Supreme Court held in *Spiegel v. Buntrock*, "A shareholder who makes a demand can no longer argue that demand is excused. The effect of

---

[2] Because ITT is incorporated in Indiana, this action is governed by Indiana law. *See, e.g., Venturetek, L.P. v. Rand Publ'g Co.*, 833 N.Y.S.2d 93, 94 (1st Dep't 2007).

SIMPSON THACHER & BARTLETT LLP

The Honorable Charles L. Brieant     -3-     September 13, 2007

a demand is to place control of the derivative litigation in the hands of the board of directors." 571 A.2d 767, 775 (Del. 1990); *see also Kamen v. Kemper Fin. Svcs.*, 500 U.S. 90, 103 (1991) ("Under the law of Delaware and the States that follow its lead, a shareholder who makes demand may not later assert that demand was in fact excused as futile."); *Miller ex rel. Commonwealth Edison Co. v. Thomas*, 656 N.E.2d 89, 97 (Ill. App. 1995); *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 179 (S.D.N.Y. 2002); *Boeing Co. v. Shrontz*, C.A. No. 11,273, 1992 Del. Ch. LEXIS 84, at *16 (Del. Ch. Apr. 20, 1992). Plaintiff rushed to the courthouse without inquiring as to the status of the Board's investigation, but this does not negate the legal effect of the Demand Letter.

Second, under Indiana law, "the availability of [a] disinterested committee will bar a separate derivative action." *In re Guidant Shareholders Deriv. Litig.*, 841 N.E.2d 571, 575 (Ind. 2006).

> Once a corporation establishes a disinterested committee (which it can do even after a suit is filed without a demand according to section 23-1-32-2) demand futility is no longer an issue. There is no need at that point for a court to determine if demand would be futile on traditional grounds, for example, such as when a majority of the board of directors have an interest in the transaction. This is because the decision of the disinterested directors or other disinterested persons is presumed to be conclusive, except where a claimant could establish that the committee was not disinterested or that its determination had not been made after a good faith investigation.

*Id.* (citing IND. CODE ANN. § 23-1-32-4(c)).

Third, even if a demand futility argument were theoretically available, Plaintiff has not alleged any facts that would establish a majority of ITT's directors are personally interested in the corporation's potential claims against the John Doe Defendants, such that demand on the Board *as to these claims* should be excused. *See, e.g., In re Guidant Shareholders Deriv. Litig.*, 841 N.E.2d at 572; *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993).[3]

---

[3] None of the cases cited by Plaintiff involved a derivative action with substantial standing issues precluding Plaintiff from asserting the claims at issue. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (RICO claim); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 526 (S.D.N.Y. 1980) (Fair Labor Standards Act claim); *Estate of Pendelton v. Davis*, No. 1:06-cv-1945, 2006 U.S. Dist. LEXIS 73687, at *1-*2 (E.D. Pa. Oct. 10, 2006) (§ 1983, wrongful death and Dram Shop Act claims); *In re Mirant Corp.*, 326 B.R. 354, 355 (Bankr. N.D. Tex. June 1, 2005) (Chapter 11 proceeding).

SIMPSON THACHER & BARTLETT LLP

The Honorable Charles L. Brieant     -4-     September 13, 2007

      Plaintiff does not address any of these issues in his letter or establish good cause for expedited discovery. Plaintiff's sole basis for the request is the speculation that "statute of limitations defenses may be invoked" by the John Doe Defendants. 9/10/07 Letter at 3. This is not sufficient. Plaintiff does not support this suggestion with any legal or factual argument that would warrant expedited discovery. Indeed, in each of cases cited by Plaintiff, the court's decision was based on a clear showing that the expiration of the limitations period was imminent. *See Pendelton*, 2006 U.S. Dist. LEXIS 73687 at *2 (limitations period to expire within two weeks from date of decision); *Mirant*, 326 B.R. at 357 (limitations period to expire within two months from date of decision); *Soler*, 86 F.R.D. at 528 (limitations period to expire within 1 month from date of decision); *cf. Ayyash*, 233 F.R.D. at 326 (granting expedited discovery to aid in attachment of foreign defendants' assets at New York banks). By contrast, Plaintiff does not even identify the relevant statutory period, let alone discuss when the period would commence or expire.

      For these reasons, we respectfully submit that Plaintiff's application should be denied. We are available at the Court's convenience to discuss these matters further.

                              Respectfully,

                              Paul C. Curnin

cc:    All Counsel