# EXHIBIT G



# ITT CORP (ITT)

FOUR W RED OAK LANE
WHITE PLAINS, NY 10604
914. 641.2000
http://www.ittind.com

# EX–99.2

**CRIMINAL INFORMATION**
**8–K Filed on 03/30/2007 – Period: 03/27/2007**
File Number 001–05672



**LIVEDGAR**® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Number 7:07-cr-00022 ) |
| ITT CORPORATION | ) | In Violation of: |
| | ) | Title 18, U.S.C. ss.ss. 2 |
| | ) | Title 22, U.S.C. ss.ss. 2778(b)(2), |
| | ) | 2778(c) |
| | ) | Title 22, C.F.R. ss.ss. 127.1(a), |
| | ) | 127.3 |

INFORMATION
-----------

The United States Attorney charges:

COUNT ONE
---------

(Willful Violation of the International Traffic in Arms Regulations, Export of
Defense Articles Without A License)

1. On or between March 2001 and August 2001, in the Western District of
Virginia, the defendant, ITT Corporation, did knowingly and willfully export and
cause to be exported from the United States to Singapore, the People's Republic
of China, and the United Kingdom, defense articles, that is, technical data
related to a laser counter measure (also known as a "light interference filter")
for military night vision goggle systems, which were designated as defense
articles on the United States Munitions List, without having first obtained from
the Department of State a license or written authorization for such exports.

    2. In violation of Title 18, United States Code, Section 2, Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 127.1(a) and 127.3.

COUNT TWO
---------

(Omission of Statements of Material Fact in Arms Exports Required Reports)

    1 On or between April 2000 and October 2004, within the Western District of Virginia, the defendant, ITT Corporation, did knowingly and willfully omit material facts from required reports that were necessary to make the statements in the reports not misleading, that is, that ITT Corporation failed to state in required consignment related reports that ITT Corporation was aware that it was violating its export licenses for the temporary export or consignment of night vision goggles or night vision parts to foreign persons for years before informing the Department of State about the violations, and that ITT Corporation failed to take significant corrective action to stop the ongoing violations until shortly before it informed the Department of State about the violations.

    2 In violation of Title 22, United States Code, Section 2778(c) and Title 18 United States Code, Section 2.

2

COUNT THREE
-----------
(Willful Violation of the International Traffic in Arms Regulations, Export of
Defense Articles Without a License)

1 On or between January 1996 and May 2006, within the Western District of
Virginia, the defendant, ITT Corporation, did knowingly and willfully export and
cause to be exported from the United States to the People's Republic of China,
Singapore and Japan, defense articles, that is technical data, including
drawings and specifications and defense services related to military night
vision goggle systems, including the Enhanced Night Vision Goggle System, which
were designated as defense articles on the United States Munitions List, without
having first obtained from the Department of State a license for such exports or
written authorization for such exports.

2 In violation of Title 18 United States Code, Section 2, Title 22, United
States Code, Sections 2778(b)(2) and 2778(c), Title 18 United States Code,
Section 2, and Title 22, Code of Federal Regulations, Sections 127.1(a) and
127.3.

FORFEITURE ALLEGATION
---------------------

1. In committing the felony offenses alleged in Count(s) One, Two and
Three of the Information, ITT shall forfeit to the United States of America,
pursuant to 18 U.S.C. ss. 981(a)(1)(C), as authorized by 28 U.S.C. 2461, any
property, real or personal, which constitutes or is derived from proceeds
traceable to the offenses

3

alleged in this Information, without regard to the type of interest held, wherever located and in whatever name held.

  2. The property to be forfeited to the United States includes but is not limited to the following property:

  Money Judgment Not less than twenty eight million dollars ($28,000,000.00) in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of the aforestated offenses or is traceable to such property.

  3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

>     (a) cannot be located upon the exercise of due diligence;
>     (b) has been transferred or sold to, or deposited with a third person;
>     (c) has been placed beyond the jurisdiction of the Court;
>     (d) has been substantially diminished in value; or
>     (e) has been commingled with other property which cannot be
>         subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. ss. 982(b)(1) and 21 U.S.C. ss. 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

Date:  March 26,2007                          /S/ JOHN L. BROWNLEE
       -------------                          -------------------------------
                                              JOHN L. BROWNLEE
                                              UNITED STATES ATTORNEY

4



# ITT CORP (ITT)

FOUR W RED OAK LANE
WHITE PLAINS, NY 10604
914. 641.2000
http://www.ittind.com

# EX–99.3

**PLEA AGREEMENT**
**8–K Filed on 03/30/2007 – Period: 03/27/2007**
File Number 001–05672



**LIVEDGAR**® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

UNITED STATES OF AMERICA          )
                                  )
                v.                ) Criminal Number 7:07-cr-00022 )
ITT CORPORATION                   )

PLEA AGREEMENT
--------------

　　　　Pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, represented by the United States Attorney for the Western District of Virginia and the Assistant Attorney General, National Security Division (hereinafter collectively referred to as "the United States" or "the Government"), and ITT Corporation (hereinafter referred to as "ITT"), by its undersigned Chairman and Chief Executive Officer, pursuant to authority vested in him by its board of directors, enter into the following Plea Agreement:

THE CHARGES, THE PLEA AND THE MAXIMUM PUNISHMENT
------------------------------------------------

1.　　ITT agrees that the United States will file a criminal information (hereinafter "the Information") in the United States District Court for the Western District of Virginia, Roanoke Division, charging ITT with the following three counts:

　　　Count One:　　　　Willful Export of Defense Articles Without A License (On or between March 2001 and August 2001), in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18 United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 127.1(a) and 127.3.

　　　Count Two:　　　　Willful Omission of Statements of Material Fact in Arms Exports Reports (On or between April 2000 and October 2004), in violation of Title 22, United States Code, Section 2778(c) and Title 18 United States Code, Section 2.

Count Three:    Willful Export of Defense Articles Without A License
(On or between January 1996 and May 2006), in violation
of Title 22, United States Code, Sections 2778(b)(2) and
2778(c), Title 18 United States Code, Section 2, and
Title 22, Code of Federal Regulations, Sections 127.1(a)
and 127.3.

2.   ITT agrees to enter a plea of guilty to Counts One and Two of the
Information. In agreeing to enter a plea of guilty to Counts One and Two of the
Information, ITT understands that the maximum punishment that may be
imposed is as follows:

Count One:    $1,000,000.00 Fine, Five Years Probation, $400.00
Special Assessment

Count Two:    $1,000,000.00 Fine, Five Years Probation, $400.00
Special Assessment

ACKNOWLEDGMENT AND WAIVER OF RIGHTS
-----------------------------------

3.   ITT agrees that it is represented in this matter by Richard Cullen, Esquire
and Howard C. Vick, Jr., Esquire. ITT further agrees that its attorneys
have informed ITT of the nature of the charges and the elements of the
charges set forth in the Information that must be proved by the United
States beyond a reasonable doubt before ITT could be found guilty as
charged. ITT acknowledges that it has reviewed the charges set forth in the
Information and has discussed with its attorneys their understanding of the
evidence in the government's possession. ITT acknowledges that its
attorneys have explained all of ITT's rights and ITT expressly acknowledges
that it has the following constitutional rights and, that by voluntarily
pleading guilty, ITT knowingly waives and gives up these valuable
constitutional rights:

a.    The right to be indicted by a grand jury.
b.    The right to plead not guilty and persist in that plea.
c.    The right to a speedy and public jury trial.
d.    The right to assistance of counsel at that trial and in any
subsequent appeal.
e.    The right to remain silent at trial.
f.    The right to testify at trial. g. The right to confront and
cross-examine government witnesses.
h.    The right to present evidence and witnesses on ITT's own behalf.

2

```
        i.   The right to compulsory process of the court.
        j.   The right to be presumed innocent.
        k.   The right to a unanimous guilty verdict.
        l.   The right to appeal a guilty verdict.
```

ITT agrees that it is pleading guilty as described above because ITT is in fact guilty and because it is in ITT's best interest to do so and not because of any threats or promises.

### WAIVER OF STATUTE OF LIMITATIONS

4.   ITT agrees to waive its right to raise the defense of statute of limitations with regard to the charges set forth in the Information.

### FACTUAL PROFFER

5.   ITT agrees that the Statement of Facts attached to the Deferred Prosecution Agreement ("Appendix A") is true and accurate to the best of its knowledge and belief and establishes an adequate factual basis for ITT's plea to Counts One and Two of the Information.

### THE AGREED SENTENCE

6.   ITT and the government agree that the following maximum financial sentence should be imposed by the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

```
        Count One:      $1,000,000.00 Fine, $400.00 Special Assessment

        Count Two:      $1,000,000.00 Fine, $400.00 Special Assessment
```

ITT agrees that it will pay the fines and special assessments ($2,000,800.00) on the date of the sentencing.

### IMMEDIATE SENTENCING

7.   ITT agrees to waive a pre-sentence investigation and report and consents to the District Court conducting a sentencing hearing and imposing sentence on the same date as the entry of the guilty plea.

3

DISPOSITION OF REMAINING COUNT
------------------------------

8.   In exchange for ITT's pleas of guilty to Counts One and Two of the
     Information, the United States will move to defer the prosecution of Count
     Three of the Information pursuant to the terms and conditions set forth in
     the attached Deferred Prosecution Agreement. ITT agrees that the United
     States has probable cause to bring all the counts in the Information, and
     that these charges are not frivolous, vexatious or in bad faith. ITT also
     agrees that if at a future time the government should move to dismiss Count
     Three of the Information pursuant to the terms of the attached Deferred
     Prosecution Agreement, ITT is not a "prevailing party" with regard that
     charge. ITT further waives any possible claim for attorney's fees and other
     litigation expenses arising out of the investigation or prosecution of this
     case.

FORFEITURE OF PROCEEDS
----------------------

9.   As part of this plea agreement, ITT agrees to the following:

     a. ITT agrees to a forfeiture monetary judgment in the sum of twenty eight
     million dollars ($28,000,000.00) as a consequence of its guilty plea to
     Counts One and Two of the Information. Since it is not possible to
     specifically quantify what proceeds ITT has received as a result of the
     actions for which it will enter a plea of guilty, ITT agrees that for the
     purposes of this Plea Agreement the twenty eight million dollars
     ($28,000,000.00) referenced above will be considered proceeds of illegal
     actions traceable to violations of 22 U.S.C. ss. 2778, the violations to
     which ITT is pleading guilty. ITT also agrees that forfeiture of this sum
     of money to the United States is appropriate pursuant to 18 U.S.C. ss.
     981(a)(1)(C) as authorized by 28 U.S.C. ss. 2461.

     b. ITT agrees to remit by March 30, 2007, untainted funds in the sum of
     twenty eight million dollars ($28,000,000.00) to the United States in full
     satisfaction of the forfeiture monetary judgment. ITT understands that
     these funds must be remitted in the form of certified funds made payable to
     the U.S. Immigration and Customs Enforcement. These funds are forfeited to
     the United States in full satisfaction of the twenty eight million dollar
     ($28,000,000.00) forfeiture judgment and shall be deposited into the U.S.
     Department of Treasury Forfeiture Fund for disposition in accordance with
     law.

     c. ITT agrees to cooperate fully in the forfeiture of this property. ITT
     agrees to execute all documents, stipulations, consent judgments, court
     orders, bills of sale, deeds, affidavits of title, and the like, which are
     reasonably necessary to

4

pass clear title to the United States or otherwise effectuate forfeiture of the property. ITT further agrees to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

d. ITT understands and agrees that forfeiture of this property is proportionate to the degree and nature of the offenses committed by ITT, and does not raise any of the concerns raised in United States v. Austin, 113 S.Ct. 2801 (1993). To the extent that such concerns are raised, ITT freely and knowingly waives any and all right ITT may have to raise a defense of "excessive fines" under the Eighth Amendment to this forfeiture. ITT further understand and agrees that this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the court.

e. ITT hereby releases and forever discharges the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which ITT ever had, now have, or may have in the future in connection with the forfeiture of the described assets.

f. ITT further agrees to hold and save the United States, its servants, employees, heirs, successors, or assigns harmless from claims, including costs and expenses for or on account of any and all lawsuits inclusive of torts and Bivens, or claims of any character whatsoever, in connection with the forfeiture of the described assets.

g. ITT understands that a breach of any of the provisions of this section is a material breach of the plea agreement.

COLLATERAL CONSEQUENCES
-----------------------

10. ITT acknowledges that nothing in this plea agreement limits the rights of any department or agency of the United States government to seek and take civil or administrative action against ITT, including but not limited to any action relating to suspension, debarment or listing.

GENERAL TERMS
-------------

11. This Plea Agreement and attachments as well as the attached Deferred Prosecution Agreement and its appendices set forth the entire understanding

5

between ITT and the United States. No other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by appropriate representatives of ITT and the United States.

6

ON BEHALF OF THE UNITED STATES


United States Attorney's Office
Western District of Virginia


/s/ John L. Brownlee                              3-26-2007
-----------------------------------------     ------------------------
John L. Brownlee                              Date
United States Attorney


/s/ Stephen J. Pfleger                            3-26-2007
-----------------------------------------     ------------------------
Assistant United States Attorney              Date


United States Department of Justice
National Security Division


/s/ Kenneth Wainstein                             3-22-2007
-----------------------------------------     ------------------------
Kenneth Wainstein                             Date
Assistant Attorney General


7

ON BEHALF OF ITT CORPORATION


/s/ Steven R. Loranger                                    3-26-2007
----------------------------------------------          -----------------------
Steven R. Loranger                                       Date
Chairman, President and Chief Executive Officer
ITT Corporation


/s/ Vincent A. Maffeo, Esq.                               3-26-2007
----------------------------------------------          -----------------------
Vincent A. Maffeo, Esq.                                  Date
Senior Vice President and General Counsel
ITT Corporation


REVIEWED AND APPROVED:


/s/ Richard Cullen                                        3-27-2007
----------------------------------------------          -----------------------
Richard Cullen, Esq.                                     Date
McGuire Woods LLP
Attorneys for ITT Corporation


/s/ Howard C. Vick, Jr., Esq.                             3-26-2007
----------------------------------------------          -----------------------
Howard C. Vick, Jr., Esq.                                Date
McGuire Woods LLP
Attorneys for ITT Corporation


8