# EXHIBIT J

<a>
<b>



212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com



NANCY KABOOLIAN

kaboolian@abbeyspanier.com

April 12, 2007

**Via Certified Mail**

The Board of Directors
ITT Corporation
c/o Steven R. Loranger,
Chairman, President and Chief Executive Officer
4 West Red Oak Lane
White Plains, N.Y. 10604

    Re:    ITT Corporation's Violations The Arms Expert Control Act

Dear Mr. Loranger and members of the Board of Directors:

    I write on behalf of our client Anthony Reale, a shareholder of ITT Corporation ("ITT" or the "Company").

    On March 27, 2007, after a federal investigation that lasted for more than five years, ITT pled guilty to violating various provisions of federal law relating to the International Traffic in Arms Regulations ("ITAR"). Specifically, as a result of the activities of certain ITT executives, ITT pled guilty to knowingly and willfully exporting and causing to be exported from the United States to Singapore, the People's Republic of China and the United Kingdom, defense articles, including technical data related to a laser counter-measure for military night-vision goggle systems, without having first obtained from the Department of State the necessary license or written authorization for such exports. In addition, ITT pled guilty to knowingly and willfully failing to state in required consignment-related reports that it was aware that it was violating its export licenses. According to the Deferred Prosecution Agreement entered into by the Company, the State Department uncovered a pattern of violations of the export laws spanning from the 1980's to 2006. This egregious misconduct, has caused ITT to expend millions of dollars in investigation and defense costs, as well as the cost of the substantial monetary fines imposed. ITT's reputation and standing in the business community have been damaged by the Company's guilty plea to federal felony charges.

ABBEY SPANIER RODD ABRAMS & PARADIS, LLP

The Board of Directors
April 12, 2007
Page 2

   As a result of the plea agreement, the Company will pay a $50 million fine[1] and agreed to invest in research and development and capital improvements for its night-vision products. The value of these investments is $50 million. However, the plea agreement provides that the government may give any of the technology developed with this money to ITT's competitors, thus causing ITT and its shareholders to finance those companies which compete directly with the Company. In addition, the State Department has placed restrictions on certain exports of night-vision equipment and technical data, and ITT will be prohibited from shipping night-vision devices to specified parties for a period of not less than one year.

   Pursuant to Count I of the government's criminal information for violation of the Arms Export Control Act (the "Information"), ITT admitted that it knowingly and willfully exported and caused to be exported from the United States items and information that were designated as "defense articles" on the United States Munitions List without first having obtained permission from the Department of State. This practice and pattern of consistent behavior occurred over at least the six-month period March-August 2001.

   Pursuant to Count II of the Information, ITT admitted that it knowingly and willfully omitted material facts that were necessary to make its reports to the government not misleading. In other words, ITT failed to inform the government that it was aware of its violations of federal arms export controls, and failed to take significant corrective action to stop the ongoing violations. This practice and pattern of consistent behavior occurred over the 4½-year period April 2000-October 2004.

   Although the prosecution under Count III of the Information was deferred, ITT admitted that the government had probable cause to bring the charges contained therein, which alleged a 10-year practice and pattern of willful and knowing export of prohibited materials without having first obtained permission from the State Department.

   Finally, according to the government, ITT's management "created an atmosphere where U.S. export laws were viewed as an obstacle to getting business done." Thus, a combination of grossly inadequate resources devoted to compliance with U.S. export laws and a negative attitude towards compliance led to a regular, corporate-wide pattern of export violations and misrepresentations to the government for at least the past 25 years.

   Moreover, management caused the Company to resist the government investigation after it *knew* that criminal conduct had occurred. According to United States Attorney Thomas Brownlee, the Company engaged in this meritless defense to "essentially run the out the clock" on the statute of limitations. Individuals caused the

---

[1]  On March 30, 2007 ITT paid $28,000,000 to the U.S. Department of Treasury Forfeiture Fund; $2,000,000 will be paid on the day of sentencing; and $20,000,000 will be paid at the direction of the Department of State.

ABBEY SPANIER RODD ABRAMS & PARADIS, LLP

The Board of Directors
April 12, 2007
Page 3

Company to take action that made it difficult for the government to uncover the full truth, including asserting "questionable privileges" and lying to the government about when the violations had been discovered and for how long they had been occurring.

The individuals responsible for this harm to ITT should be held accountable to the Company for the damage they have caused. Their wrongdoing has cost the Company far in excess of the $100 million in fines and other penalties the Company is paying and will pay. The Company has lost substantial good will, paid bonuses that should not have been paid, and incurred substantial legal fees without any legitimate purpose. As a result of the wrongdoing perpetrated by ITT's executives, we demand that the Company commence legal proceedings against the individuals responsible for this misconduct for their breaches of fiduciary duties, for causing the Company to engage in illegal conduct or for failing properly to oversee the Company's operations so as to prevent such misconduct, and for engaging in violations of law, thereby exposing the Company to millions of dollars in damages.

The individuals responsible for the above-described conduct, and those who chose to continue operating in this fashion while covering up continued violations, should be held accountable to the Company. Their actions in both committing and enabling illegal conduct was deliberate and calculated, and had no legitimate purpose. In this regard I invite your attention to page 4 of ITT's own Code of Corporate Conduct, which states that accountability "is a fundamental value with broad implications."

This constitutes a demand that the Board take the necessary action to identify the wrongdoers and take legal action against them to redress the wrongs they have committed which so grievously harmed ITT. Please respond to this letter within 30 days to advise me of the steps the Board of Directors is taking to identify the persons responsible and to take the necessary action against them.

Very truly yours,

Nancy Kaboolian