# EXHIBIT O

STATE OF INDIANA     )          IN THE HAMILTON SUPERIOR COURT
                         ) SS:     NO. 3
COUNTY OF HAMILTON  )        CAUSE NO. 29D03-0402-PL-176

IN RE ITT EDUCATIONAL SERVICES, INC.  )
DERIVATIVE LITIGATION            )
                               )
_____)
                               )
This document relates to:          )
                               )
    ALL ACTIONS.             )

## ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE AND DENYING REQUESTS FOR PROTECTIVE ORDERS FOR MOOTNESS

This cause is before the Court on the motions for protective orders staying discovery filed by the Individual Defendants and Nominal Defendant ITT on May 23, 2005, and on the *Motion to Dismiss Plaintiffs' Amended Complaint or, in the Alternative, Motion to Stay* filed by Nominal Defendant ITT on March 14, 2005, a motion that the Individual Defendants joined through a separate filing. The Court took these matters under advisement after hearing oral argument from the parties' respective counsel on the requests for protective orders and dismissal on September 2, 2005. Having reviewed the parties' extensive filings on these issues, as well as the oral arguments tendered at the September 2nd hearing, and having independently reviewed the applicable law, the Court being duly advised, now hereby enters the following Order:

1.    At eighty (80) pages in length, the pending *Verified Consolidated Amended Shareholder Derivative Complaint* ("Amended Complaint"), which was filed by Plaintiffs on January 3, 2005 pursuant to this Court's order dismissing the *Consolidated Shareholder Derivative Complaint* filed April 29, 2004, is more than thirty (30) pages longer than the first consolidated complaint. The Amended Complaint nonetheless suffers the same fatal defect displayed by the earlier complaint: For all its heft, the Amended Complaint still fails to satisfy

the heightened pleading requirement of particularized allegations to excuse Plaintiffs' admitted failure to demand relief from ITT's board of directors. Because the procedural law of the forum applies in this suit, Indiana Trial Rule 23.1 provides the applicable standard on Defendants' motion to dismiss. The Court concludes that the Amended Complaint fails to meet the pleading requirement of particularity for demand-futility allegations under T.R. 23.1. *See Starrels v. First National Bank of Chicago*, 870 F.2d 1168, 1170 (7th Cir. 1989) (applying language identical to that of T.R. 23.1, and stating the forum's procedural requirement of particularity as separate from the substantive requirements of the law of the jurisdiction of incorporation). Accordingly, this Order need not, and therefore does not, reach either the new issue in Indiana of which state's substantive law to apply in deciding a motion to dismiss under T.R. 23.1 or, under the arguably applicable substantive demand-futility standard announced in *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993), whether Plaintiffs' allegations sufficiently implicate the interest or lack of independence of a sufficient number of Defendants under any particular count of the Amended Complaint. *See, e.g., Starrels*, 870 F. 2d at 1171 (citing Delaware law for the rule that "conclusory allegations of fact or law contained in the complaint need not be considered true in determining demand futility unless they are supported by specific facts").

2.    Under T.R. 23.1, every count of the Amended Complaint should be dismissed because Plaintiffs again have failed to meet the substantially heightened pleading requirement of particularity to excuse their failure to demand relief from ITT's board of directors. Plaintiffs portray the Amended Complaint as "brimming with newly discovered and particularized facts which further support plaintiffs' allegations of demand futility . . . ." Plaintiffs' Opposition to Defendant ITT Educational Services, Inc.'s Motion to Dismiss (filed April 28, 2005) at 1. The Court disagrees with that characterization of the Amended Complaint. Although the Amended

2

Complaint to some extent does allege (as it must if *Rales* applies) either interest or lack of independence for a majority of ITT's board of directors, the Court finds that Plaintiffs' allegations often plainly fail the normal pleading requirements of T.R. 12(B)(6), let alone the heightened requirement of particularity that applies under T.R. 23.1. Indeed, the Amended Complaint's allegations still suffer from a vagueness that is the antithesis of particularity. For example, even what are arguably Plaintiffs' most important factual allegations, those purporting to demonstrate the details of "the Defendants' pervasive scheme to make the numbers," Paragraphs No. 57-77, Amended Complaint at 19-26, are couched in a careful vagueness that defeats the purpose of filing a normal complaint, let alone a derivative complaint. That key section of the Amended Complaint repeatedly resorts to mere allegations of allegations, alleging, not facts, but only that crucial facts "have been alleged," usually by persons whom Plaintiffs never identify. The facts in that key section of the Amended Complaint are central to the issue of demand futility because Plaintiffs' demand-futility allegations and arguments are intertwined with Defendants' alleged participation in the alleged "pervasive, systematic scheme of deception." Paragraph No. 10, Amended Complaint at 4. *See, e.g.,* Paragraph No. 193(f), Amended Complaint at 72 (explicitly denominated demand-futility allegation that "[t]he entire ITT Educational Board and senior management participated in the wrongs complained of herein."). On other demand-futility allegations in the Amended Complaint, Plaintiffs also fail to make particularized assertions about what any Defendants might have known, when they might have known it, or about whom they might have known whatever they might have known. *See, e.g.,* Paragraph No. 193(g) (in its entirety), Amended Complaint at 73 ("The Individual Defendants, because of their inter-related business, professional and personal relationships, have developed debilitating conflicts of interests that prevent the Board members of the Company

3

from taking the necessary and proper action on behalf of the Company as requested herein.").
Accordingly, every count of the Amended Complaint should be dismissed for failure to meet
T.R. 23.1's pleading requirement of particularity on the question of demand futility.[1]

3.     Moreover, the dismissal should be with prejudice, as Defendants request, because
Plaintiffs have already availed themselves of one opportunity to amend their complaint, and there
is a strong likelihood that any further amendment of the complaint will suffer the same fatal lack
of particularity on Plaintiffs' demand-futility allegations displayed by the first two consolidated
complaints. On a motion for leave to amend under T.R. 15(A), this Court, in its sound discretion,
would examine "a number of factors in determining whether to grant or deny leave to amend.
These include '. . . repeated failure to cure deficiencies by amendments previously allowed,
undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [*sic*]
futility of amendment . . . . [*sic*]" *Beta Alpha Shelter of Delta Tau Delta Fraternity, Inc. v.
Strain*, 446 N.E.2d 626, 631 (Ind. Ct. App. 1983) (citing the leading case on whether to permit
amendments under F.R.C.P. 15(a), *Foman v. Davis*, 371 U.S. 178, 182 (1962)), *trans. denied.*
Here, the Amended Complaint's allegations on demand futility, though more voluminous than
before, are just as vague and non-particularized as they were in the first consolidated complaint
that the Court dismissed without prejudice on December 1, 2004. Furthermore, without any
pending complaint to justify discovery requests by Plaintiffs between this dismissal and the filing
of a new amended complaint, the allegations on demand futility are effectively guaranteed to
remain just as vague and non-particularized in the new complaint; any additional amendment of

---

[1]     As Defendants correctly argue, *see* Memorandum in Support of Defendant ITT
Educational Services, Inc.'s Motion to Dismiss at 29, Counts 7 and 8 are also subject to
dismissal because no argument as to the directors' interest or lack of independence that might
conceivably excuse demand under Counts 1-6 can possibly excuse demand as to the Defendant
named in Counts 7 and 8, PricewaterhouseCooper, which is ITT's *outside* accounting firm.

4

the complaint, therefore, would unduly prejudice Defendants by causing them to defend against a complaint that has little or no chance of improving on the Amended Complaint at issue now. The Court fully recognizes Plaintiffs' Catch-22: Plaintiffs' derivative complaint must allege particularized facts showing demand futility, yet Plaintiffs still have not reviewed any discovery responses that might assist them in complying with that substantially heightened pleading requirement. Especially following the on-record status conference in this cause on April 18, 2005, however, the Court finds Plaintiffs themselves responsible for not pursuing discovery more vigorously after this Court clarified that Indiana's relatively liberal discovery rules govern this action. Accordingly, because the Court finds a strong likelihood that Plaintiffs' allegations will not substantially improve on a second amended complaint, and because permitting a second amended complaint would therefore needlessly burden Defendants by requiring them to respond to essentially the same allegations against which they are defending now, the Amended Complaint should be dismissed with prejudice. *See Starrels*, 870 F.2d at 1172 n.6 (justifying dismissal with prejudice of a third amended complaint in a derivative action in part because the plaintiff delayed approximately ten months in trying to lift an ordered stay of discovery, a far more difficult obstacle to discovery than the one faced by Plaintiffs here).

4.    With the Amended Complaint dismissed, the pending requests for protective orders are now moot and therefore should be denied. *See, e.g., Cottle v. Hilton Hotels Corp.*, 635 F.Supp. 1094, 1095 (N.D. Ill. 1986).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1.    Plaintiffs' *Verified Consolidated Amended Shareholder Derivative Complaint* filed January 3, 2005 is hereby **DISMISSED WITH PREJUDICE** in its entirety.

Case 7:07-cv-02878-CS   Document 17-16

2.     The pending requests for protective orders staying discovery are hereby **DENIED**

because those requests are moot.

**SO ORDERED THIS 16th DAY OF SEPTEMBER, 2005.**

_____
William J. Hughes, Judge
Hamilton Superior Court No. 3

Copies to:

Robert T. Dassow

Thomas E. Mixdorf

Christopher G. Scanlon

Robin L. Babbitt