UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re ITT Corporation Derivative Litigation

Case No. 07 Civ. 2878 (CLB)

ORAL ARGUMENT
REQUESTED

ITT CORPORATION'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S
MEMORANDUM AND ORDER DATED APRIL 10, 2008

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
*Attorneys for Nominal Defendant
ITT Corporation*

## ARGUMENT

Plaintiffs do not dispute the controlling legal standards. Under these standards, demand cannot be excused unless the complaint alleges with particularity *facts* showing that a majority of the *directors* face a *"substantial likelihood of liability"* for a *"conscious disregard"* of their fiduciary duties. *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006) (emphasis added).

The Court did not apply this standard. The Court did not make any findings regarding the directors, much less each individual director. The Complaint does not allege any facts about what any individual director did nor did not do. Not one. Nor does the plea agreement acknowledge any misconduct by any director.

The key conclusion by the Court is that "[t]here appears at least sufficient evidence of conscious avoidance at high levels to prevent dismissal of the claims…." April 10 Order at 2. This generalized inference of nebulous misconduct by unidentified individuals at undefined "high levels" says nothing about any director and cannot possibly satisfy the *Stone* pleading standards. Whatever the definition of "high levels" might possibly be, assuming any concrete definition at all, it does not equate to a finding regarding the intent of a majority of the directors. Notably, Plaintiffs do not even attempt to defend the Court's conclusion. Without specific facts demonstrating misconduct by the directors, there is no basis to excuse demand and the Complaint must be dismissed. *See Stone*, 911 A.2d at 367, 370.

Plaintiffs offer unsupported rhetoric about ITT's "culture." None of the cases Plaintiffs cite excuse demand on this basis. In *Abbott Laboratories*, the complaint pled particularized facts revealing an extensive array of specific red flags observable by the directors: thirteen extended site inspections by the FDA, numerous notices of noncompliance, four formal warning letters, and a *Wall Street Journal* article about compliance issues. 325 F.3d 795, 799, 808-09 (7th Cir.

2003). In *McCall v. Scott*, the complaint pled particularized facts demonstrating systemic deceptive accounting practices, identified specific reports received by the board of improper conduct by senior management, identified allegations of misconduct from a *qui tam* action against the company, and described an investigation by the *New York Times* regarding the company's billing practices. 239 F.3d 808, 819-23 (6th Cir. 2001).

Plaintiffs also concede that the Court misunderstood ITT's arguments. It was Plaintiffs – not ITT, as recited by the Court – who relied on *Oxford*, and their reliance was misplaced. In *Oxford*, this Court found demand was excused because the complaint alleged particularized facts showing that directors *knew* that management was issuing false financial disclosures, affirmatively decided to take no action, and sold stock while in the possession of non-public information. *In re Oxford Health Plans, Inc.*, 192 F.R.D. 111, 115 (S.D.N.Y. 2000). *See also Risberg v. McArdle*, 529 F. Supp. 2d 213, 223 (D. Mass. 2008).

The assertion that the "parties have made demand and the Officers and Directors have not sought recovery" is irrelevant and misplaced. The Board formed a Special Litigation Committee to address the issue of recoveries and independent counsel was retained to assist in conducting an investigation. Whatever the outcome of the committee's investigation, the only relevant issue is that the Board and committee are taking action and, as a result, a demand on the Board is not futile. *See In re Guidant Shareholders Deriv. Litig.*, 841 N.E.2d 571, 575 (Ind. 2006) (citing IND. CODE ANN. § 23-1-32-4 cmt (c)). Plaintiffs offer disparaging conclusions about the members of the committee, but do not identify even one factual allegation that implicates any

one of them in conscious wrongdoing.[1]

Whatever assertions Plaintiffs may make in their briefs concerning the quality of the disclosure to the State Department, ITT's compliance programs, or the 2004 Consent Decree process (in which the State Department approved ITT's compliance programs), those arguments simply do not translate at all into facts showing conscious wrongdoing by the directors. General speculation by Plaintiffs about what the directors must have known is categorically insufficient for Plaintiffs to meet their burden to show misconduct on the part of the directors.

Lastly, Plaintiffs do not provide any substantive response to ITT's alternative request for clarification. Accordingly, ITT will not burden the Court with an unnecessary reply on this issue.

---

[1] Plaintiffs' claim that the directors acted in bad faith by "permitting management to stonewall the criminal investigation," Opp. Br. at 7, is directly refuted by the deferred prosecution agreement, which acknowledged that ITT cooperated with the government. See Elbaum Aff., Ex. H at 2 ¶ 3. Similarly, the alleged statement by a government investigator about company "officials" says nothing about the directors. Opp. Br. at 2. The Court's conclusion that "top management" considered and rejected voluntary disclosure to the government is without basis and clearly erroneous.

## CONCLUSION

For the reasons set forth above and in ITT's opening brief, ITT respectfully requests that the Court reconsider its April 10 Order and, on reconsideration, enter an order dismissing the consolidated amended complaint with prejudice.

Dated: May 15, 2008
      New York, New York

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin (pcurnin@stblaw.com)
David Elbaum (delbaum@stblaw.com)
Marisa L. Sarig (msarig@stblaw.com)
425 Lexington Avenue
New York, New York 10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502
*Attorneys for Nominal Defendant ITT Corporation*