**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ITT CORPORATION DERIVATIVE LITIGATION, | No. 07-CV-2878 (CLB) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
VERIFIED CONSOLIDATED AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

CAHILL GORDON & REINDEL LLP
David G. Januszewski
Elizabeth Richman
80 Pine Street
New York, New York  10005
(212) 701-3000

Attorneys for Defendants
Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras

June 6, 2008

Defendants Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras (the "Director Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Verified Consolidated Amended Complaint (the "Complaint").[1]

The basis for this dismissal motion is simple, straightforward and irrefutable:

- The only basis alleged by the plaintiffs for federal court jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332;

- For more than 200 years, it has been well-established that "complete diversity" is required to establish diversity jurisdiction — no plaintiff and defendant can be citizens of the same State;

- Plaintiff Sylvia B. Piven alleges that she is a citizen of the State of Maryland;

- Defendant John J. Hamre is, and has for all relevant times been, a citizen of the State of Maryland; and, therefore,

- This Court lacks jurisdiction.

\* \* \*

---

[1] As the Court is aware, the nominal defendant ITT Corporation has previously filed a motion to dismiss this action, based on the plaintiffs' failure to satisfy the demand futility requirement for derivative actions, which motion was denied by the Court in an April 10, 2008 Memorandum and Order. ITT Corporation's motion for reconsideration of that ruling is currently *sub judice*.

Pursuant to a May 21, 2007 Stipulation and Order, the Director Defendants reserved their rights to move to dismiss the Complaint on other grounds. Specifically, the Stipulation and Order provided that "[t]his Stipulation, any motion to dismiss filed by ITT, and any decision on such motion to dismiss shall be without prejudice to any and all rights and defenses of the Individual Defendants in this Action, including but not limited to, any Individual Defendant's right to move to dismiss the operative complaint on any ground (other than Demand Futility if the Court denies ITT's Demand Futility Motion)."

)

2

Cognizant of this Court's admonition that "briefs should be brief" and that "the shorter they are, the more persuasive they are," Individual Practices ¶ 2.C, we will be brief.

Plaintiffs' claims are based entirely on state law. No federal question jurisdiction is, or could be, alleged. The only basis for subject matter jurisdiction alleged by plaintiffs is diversity of citizenship pursuant to 28 U.S.C. § 1332. (Complaint ¶ 8) The Supreme Court long ago established that diversity jurisdiction requires "complete diversity" of citizenship. *Strawbridge* v. *Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Diversity jurisdiction cannot be alleged unless each plaintiff is a citizen of a different State than each defendant. *Id*. Thus, if any one plaintiff and any one defendant are citizens of the same State, there can be no diversity jurisdiction.

The principle of complete diversity is fundamental to the federal courts and is reaffirmed repeatedly. *See, e.g., Carden* v. *Arkoma Associates*, 494 U.S. 185 (1990); *K.M.B. Warehouse Distributors, Inc.* v. *Walker Manufacturing Co.*, 61 F.3d 123, 130 (2d Cir. 1995) ("there must be complete diversity of citizenship between all plaintiffs and all defendants named in all claims in order for jurisdiction over any claim to be based upon diversity of citizenship.").

This Court and other courts of this District have recognized their limited grant of jurisdiction and enforced the complete diversity requirement. *Gluck* v. *Frankel*, 440 F. Supp. 1143, 1147 (S.D.N.Y. 1977) (dismissing a shareholder derivative suit where the parties did not have complete diversity and there was no valid federal claim) (Brieant, J.); *Holtzman* v. *Anti-Defamation League of B'Nai B'Rith*, No. 02 Civ. 1338, 2002 WL 1870133 (S.D.N.Y August 14, 2002) (dismissing case for lack of subject matter jurisdiction where the parties were not diverse).

)

3

The complete diversity requirement applies with as much force in the shareholder derivative context as it does in any other context. *See Pinnacle Consultants, Ltd.* v. *Leucadia National Corp.*, 101 F.3d 900 (2d Cir. 1996) (derivative suit dismissed for lack of diversity of citizenship because plaintiff-shareholder shared citizenship with defendant corporation); *Gatz* v. *Ponsoldt*, 297 F. Supp. 2d 719 (D. Del. 2003) (the court *sua sponte* dismissed the shareholder derivative suit when claims based on federal law were dismissed and there was not complete diversity between the parties).

Plaintiff Sylvia B. Piven alleges that she is a citizen of Maryland and that none of the Director Defendants is a citizen of that state. (Complaint ¶¶ 11, 14-22). Plaintiffs, however, falsely allege that defendant John J. Hamre is a citizen of the District of Columbia. (*Id.* ¶ 18) In fact, like plaintiff Piven, defendant Hamre is also a citizen of Maryland. (Affidavit of John J. Hamre, sworn to June 5, 2008 and filed herewith ("Hamre Aff't") ¶ 3). Thus, there is no complete diversity, and this Court has no jurisdiction over the subject matter of this action.

In recognition of the importance of the complete diversity jurisdictional requirement, federal courts must address the issue at any stage of a proceeding. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cabrini Development Council* v. *LCA-Vision Inc.*, 197 F.R.D. 90, 93 (S.D.N.Y 2000) (rejecting diversity of citizenship where plaintiff member shared citizenship with defendant member of an LLC). Indeed, the requirement that subject matter jurisdiction exist is essential and when that jurisdiction is in question, federal courts must investigate the validity of jurisdiction. The Second Circuit has stated that it is incumbent on federal courts to make this determination, noting that "[t]he fact that neither party

)

4

contested the District Court's authority to hear [an] aspect of the case does not act to confer jurisdiction on the Court since a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court or by a federal appellate court." *Alliance of American Insurers* v. *Cuomo*, 854 F.2d 591 (2d Cir. 1988).

In dismissing a derivative suit for lack of diversity between the parties, the Seventh Circuit noted that "[j]urisdictional rules should be simple." *Bagdon* v. *Bridgestone/Firestone Inc.,* 916 F.2d 379, 384 (7th Cir. 1990). Here, it is simple. There is no complete diversity of citizenship. The Court lacks jurisdiction. The action must be dismissed.

## CONCLUSION

For the reasons set forth above, the Director Defendants respectfully submit that the Court should enter an order dismissing the Verified Consolidated Amended Complaint.

Dated: New York, New York
       June 6, 2008

CAHILL GORDON & REINDEL LLP

By:  /s/ David G. Januszewski
     David G. Januszewski
     Elizabeth Richman
80 Pine Street
New York, New York  10005
(212) 701-3000

Attorneys for Defendants
Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras

)