**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ITT CORPORATION DERIVATIVE LITIGATION, | No. 07-CV-2878 (CLB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE VERIFIED CONSOLIDATED AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

CAHILL GORDON & REINDEL LLP
David G. Januszewski
Elizabeth Richman
80 Pine Street
New York, New York  10005
(212) 701-3000

Attorneys for Defendants
Steven R. Loranger, Curtis J. Crawford,
Christina A. Gold, Ralph F. Hake, Dr. John
J. Hamre, Raymond W. LeBoeuf, Frank T.
MacInnis, Linda S. Sanford, and Markos I.
Tambakeras

July 7, 2008

Defendants Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras (the "Director Defendants") respectfully submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Verified Consolidated Amended Complaint (the "Consolidated Amended Complaint" or the "Complaint") for lack of subject matter jurisdiction.

I. **Plaintiffs Concede the Jurisdictional Defect of the Current Complaint -- A Plaintiff and a Defendant Are Both Citizens of Maryland**

Plaintiffs' Memorandum of Law in opposition to the motion ("Pl. Mem.") concedes that the only asserted basis for this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs also assert that they do not challenge the two hundred year precedent of *Strawbridge* v. *Curtiss*, 7 U.S. (3 Cranch) 267 (1806), and its progeny, requiring complete diversity of citizenship. (Pl. Mem. at 2). Finally, Plaintiffs concede that their factual allegations in the Complaint offered to support the existence of diversity jurisdiction were erroneous. As Plaintiffs candidly admit: "When she filed her complaint, [Plaintiff] Piven erroneously believed defendant Hamre to be a citizen of [the] District of Columbia." (Pl. Mem. at 2). [1] Plaintiffs do not dispute that, in fact, both Plaintiff Piven and Defendant Hamre are citizens of the State of Maryland. Complete diversity is absent.

---

[1] Plaintiffs' concession suggests that it was plaintiff Piven who made the error. It bears noting that the Plaintiffs here are represented by seven different law firms, with extensive experience bringing shareholder litigation in state and federal courts.

### II.     Plaintiffs Have Taken No Steps to Cure the Jurisdictional Defect

Scrambling to address the lack of diversity jurisdiction, Plaintiffs suggest that they could take a number of steps, although, so far as we are aware, they have not done so:

- Plaintiff Piven could somehow voluntarily dismiss defendant Hamre from one of the consolidated cases, *Sylvia B. Piven Trustee* v. *Loranger*, No. 07 CV 2878 (Pl. Mem. at 2), though apparently not from the other cases or from the operative complaint, the Consolidated Amended Complaint.[2]

- Some new, unidentified plaintiff, from an unidentified state, might file yet another action, and then seek consolidation of that case into this consolidated action. (Pl. Mem. at 2 n.2). Plaintiffs do not explain what effect, if any, this course will have on the Consolidated Amended Complaint.

In essence, Plaintiffs suggest that if they were now permitted to file a new amended complaint, they might be able to restructure their roster of plaintiffs and defendants and thereby allege complete diversity. Yet, Plaintiffs have not sought the requisite leave to further amend the operative pleading, the Consolidated Amended Complaint. Plaintiffs' offering of hypotheticals effectively concedes that the existing Complaint does not allege a basis for this Court's jurisdiction. Because jurisdiction must be established before a case can proceed, this Court must dismiss this case because complete diversity between the parties is lacking. *See Steel Co.* v. *Citizens for a Better Environment*, 523 U.S. 83, 95 (1988) ("The re-

---

[2]     This action is the consolidation of three actions: *Sylvia B. Piven Trustee* v. *Steven R. Loranger, et al.*, No. 07 CV 2878 (CLB); *Norman Levy* v. *Steven R. Loranger, et al.*, No. 07 CV 6339 (CLB); and *Anthony Reale* v. *Steven R. Loranger, et al.*, No. 07 CV 7358 (CLB). On September 10, 2007, this Court entered an Order providing for, *inter alia*, consolidation of the three cases for all purposes pursuant to Fed. R. Civ. P. 42(a). A copy of the Stipulation and Order is annexed hereto as Exhibit A for the convenience of the Court. As permitted by the Court's Order, the Plaintiffs filed the Consolidated Amended Complaint on November 5, 2007.

quirement that jurisdiction be established as a threshold matter "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co.* v. *Swan*, 111 U.S. 379, 382 (1884)).

### III.    The Court Must Look to the Consolidated Amended Complaint to Determine Jurisdiction

The crux of Plaintiffs' opposition is that the Court should simply overlook the lack of diversity as alleged in the Consolidated Amended Complaint -- the current, operative pleading that the Plaintiffs chose to file pursuant to this Court's September 10, 2007 Order. Rather than evaluating the current Complaint, the Plaintiffs ask the Court to evaluate jurisdiction as alleged in the various complaints originally filed. Instead, the Court should use the Consolidated Amended Complaint as the basis for assessing subject matter jurisdiction.

As the Supreme Court has only recently instructed, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell International Corp.* v. *United States*, 127 S.Ct. 1397, 1409 (2007). Here, the three plaintiffs who commenced actions purportedly on behalf of ITT Corporation all entered into a Stipulation, ordered by the Court, providing that "Plaintiffs intend to file a consolidated amended complaint or designate one of the filed complaints as the operative complaint." (Stipulation and Order entered September 10, 2007). The Plaintiffs thereafter elected not to designate one of the three complaints as the operative complaint. Instead, they filed the Consolidated Amended Complaint on November 5, 2007. With the Plaintiffs having elected to amend their respective complaints pursuant to this

Court's Order, *Rockwell* instructs that the Court must now look to the Consolidated Amended Complaint to determine jurisdiction.

Plaintiffs ignore that "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp.* v. *Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also TBK Partners, Ltd.* v. *Western Union Corp.*, 517 F. Supp. 380, 388 (S.D.N.Y. 1981) (Pollack, J) (holding that jurisdiction should be measured from the amended complaint in a consolidated shareholder derivative action) (citing 6 Wright, Miller & Kane, *Federal Practice and Procedure*, Civ. 2d § 1476 (1971)). Moreover, "the original pleading, once superseded, cannot be utilized to cure jurisdictional defects in the amended pleading." *Federal Practice and Procedure*, Civ. 2d § 1476.

Recently, a federal district court considering the very issue of which complaint to look to when assessing jurisdiction in a consolidated case determined that "when an amended pleading, such as the Consolidated Complaint in this proceeding, supersedes the original complaint, jurisdiction is determined based on the amended pleaded." *In re iBasis, Inc. Derivative Litigation*, No. 06-12276-DPW, 2008 Westlaw 1977509 at *3 (D. Mass. May 8, 2008) (citing *Rockwell*, *supra*, 127 S.Ct. at 1409). Like the case before this Court, *iBasis* involved a consolidated shareholder derivative suit in which the plaintiffs voluntarily filed a consolidated amended complaint which failed to allege adequately subject matter jurisdiction. In discussing why the consolidated complaint superseded the initial complaints, the *iBasis* court noted that the plaintiffs' "intentions [to make the Consolidated Complaint the operative complaint] were unambiguous when they agreed that 'Defendants need not respond to any of the pre-existing complaints.'" *Id.* at *4.

So too here. Plaintiffs herein also demonstrated their clear intent to supplant the original complaints with the Consolidated Amended Complaint. Pursuant to the Stipulation and Order signed by the Plaintiffs and entered by the Court, Plaintiffs agreed that they would thereafter file or designate a single complaint as the operative complaint for all consolidated cases. Like the *iBasis* plaintiffs, the Plaintiffs here agreed that Defendants were not obligated to respond to any of the initial complaints. (Stipulation and Order entered September 10, 2007). Plaintiffs were not required to take this step, but did so in order to unite the separate lawsuits. Furthermore, Plaintiffs made clear their desire for the individual suits to be treated as a unified action, with one law firm coordinating, among other things, all briefing and arguing of motions, all depositions of witnesses, and preparation for trial. Plaintiffs also gave that law firm the right to conduct all settlement negotiations with counsel for the defense, thus providing for one single resolution for the lawsuits, a clear sign that the consolidated actions are in effect one action.

The unification of these activities across the consolidated suits is unambiguous evidence that Plaintiffs intended to conduct themselves as if they were bringing one lawsuit. When confronted with similar conduct, federal courts have noted that consolidated actions have in fact become one action and have treated them as such. *See Nanavanti* v. *Burdette Tomlin Memorial Hospital*, 857 F.2d 96 (3d Cir. 1988) (finding that consolidated cases should be treated as a unified case because it was treated as such by the parties while they were in district court); *see also Eyak Native Village* v. *Exxon Corp.*, 25 F.3d 773 (9th Cir. 1994) (finding that the voluntary filing of a consolidated amended complaint effected a joinder of the cases). Plaintiffs should not be allowed to pick and choose which aspects of consolidation apply to them. They long ago indicated their desire and intention to proceed based on the al-

legations of the Consolidated Amended Complaint. In keeping with that decision, jurisdiction is properly measured based on the Consolidated Amended Complaint.

While Plaintiffs cite what they deem an "unbroken chain" of case law supporting their argument, (Pl. Mem. at 2), they fail to account for the differences between the cases they cite and the instant matter. For example, *Katz* v. *Realty Equities Corp. of New York*, 521 F.2d 1354 (2d Cir. 1975), cited by Plaintiffs for the general proposition that "rights [are] unaffected even though [a] consolidated complaint [was] filed" (Pl. Mem. at 3), does not support Plaintiffs' argument in support of jurisdiction. Indeed, the *Katz* Court did not address jurisdiction at all. In *Katz*, the district court judge ordered numerous plaintiffs to file a consolidated complaint for the specified limited purpose of pre-trial proceedings, in order to ease the burden of discovery. *Id.* at 1356. The consolidation order expressly did not apply to trial, and the court's order attempted to "retain[] the attributes of each of the several complaints." *Id.* at 1359. In upholding the consolidation order against challenges having nothing to do with jurisdiction, the Second Circuit noted that "[l]imited presently to the pre-trail stages, the consolidated complaint does not supersede the individual complaints and does not impermissibly merge the rights or defenses of the various parties." *Id.* at 1359. In contrast, the Stipulation and Order in this case provided that the three "cases shall be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a)." No attempt was made by the Plaintiffs to preserve any distinct identities of the separate complaints.

The Plaintiffs' reliance on *Cole* v. *Schenley Industries, Inc.,* 563 F.2d 35 (2d Cir. 1977), is similarly misplaced. In *Cole*, the court indisputably had jurisdiction over the consolidated complaint based on plaintiffs' assertion of federal securities claims; at issue was

-6-

the question whether the court also had jurisdiction over state law claims. In *Cole*, the various plaintiffs retained their independence, filed their own briefs, and set forth unique arguments. Here, in contrast, Plaintiffs have done nothing to retain the individuality of the consolidated actions; indeed, they have done precisely the opposite, acting as if these suits are effectively one lawsuit. Comparisons to *Cole* are therefore inapposite.

Finally, *In re Joint Eastern & Southern Districts Asbestos Litigation*, 124 F.R.D. 538 (E.D.N.Y. & S.D.N.Y. 19890, *aff'd, sub nom.*, *Johnson* v. *Celotex Corp.*, 899 F.2d 1282 (2d Cir. 1990), did not involve a consolidated complaint at all. Rather, the personal injury claims of separate plaintiffs, asserted in separate complaints, were consolidated for trial. As the Second Circuit noted, instructions were given throughout the trial to ensure that the plaintiffs' claims were treated separately. *Id.*, 899 F.2d at 1285. Here, in contrast, the three plaintiffs have no separate claims at all. Rather, each of them purports to assert the very same claims, *i.e.,* the claims of ITT Corporation.

## CONCLUSION

The Court should grant the motion to dismiss for lack of subject matter jurisdiction.

Dated: New York, New York
      July 7, 2008

CAHILL GORDON & REINDEL LLP

By:  /s/ David G. Januszewski
     David G. Januszewski
     Elizabeth Richman
80 Pine Street
New York, New York 10005
(212) 701-3000

Attorneys for Defendants
Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras

# Exhibit A

U.S. DISTRICT COURT FILED SEP 10 2007 S.D. OF N.Y. W.P.

MICROFILM

SEP 10 2007 USDC SD NY WP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
SYLVIA B. PIVEN TRUSTEE under trust
agreement dated April 3, 1973 f/b/o Sylvia B. Piven,
derivatively on behalf of ITT CORPORATION,

No. 07 CV 2878 (CLB)

Plaintiff,

v.

STEVEN R. LORANGER, CURTIS J.
CRAWFORD, CHRISTINA A. GOLD, RALPH F.
HAKE, DR. JOHN J. HAMRE, RAYMOND W.
LEBOEUF, FRANK T. MCINNIS, LINDA S.
SANFORD, and MARKOS I. TAMBAKERAS,

Defendants,

-and-

ITT CORPORATION,

Nominal Defendants.
-------------------------------------------------------x
NORMAN LEVY, Derivatively on behalf of ITT
INDUSTRIES, INC.,

No. 07 CV 6339 (CLB)(GAY)
(Related Case)

Plaintiff,

v.

STEVEN R. LORANGER, CURTIS J.
CRAWFORD, CHRISTINA A. GOLD, RALPH F.
HAKE, DR. JOHN J. HAMRE, RAYMOND W.
LEBOEUF, FRANK T. MCINNIS, LINDA S.
SANFORD, and MARKOS I. TAMBAKERAS,

-and-

ITT CORPORATION,

Nominal Defendants.
-------------------------------------------------------x

```
-----------------------------------------x
ANTHONY REALE, derivatively on behalf of
ITT COMPANY,                                        07 CV 7358
                                                    (Related Case)
            Plaintiff

      v.

STEVEN R. LORANGER, CURTIS J.
CRAWFORD, CHRISTINA A. GOLD, RALPH F.
HAKE, DR. JOHN J. HAMRE, RAYMOND W.
LEBOEUF, FRANK T. MCINNIS, LINDA S.
SANFORD, MARKOS I. TAMBAKERAS, JOHN
DOES DEFENDANT MANAGER A, JOHN DOE
DEFENDANT MANAGER B, JOHN DOE
DEFENDANT MANAGER C, JOHN DOE
DEFENDANT MANAGER D, and JOHN DOE
DEFENDANT LAW FIRM,

            Defendants,

      -and-

ITT COMPANY,

            Nominal Defendant.
-----------------------------------------x
```

## STIPULATION AND [REDACTED] ORDER

WHEREAS, Plaintiff Sylvia Piven commenced Case No. 07 CV 2878 by filing a complaint dated April 10, 2007;

WHEREAS, on May 22, 2007, the Court entered a Stipulation and Order establishing a schedule for the filing of an amended complaint and motion to dismiss in Action No. 07 CV 2878;

WHEREAS, Plaintiff Norman Levy commenced Case No. 07 CV 6339 by filing a complaint dated July 11, 2007;

2

WHEREAS, on July 24, 2007, the Court entered a Stipulation and Order transferring Action No. 07 CV 6339 from the docket of the Honorable George A. Yanthis to this Court's docket;

WHEREAS, plaintiff Anthony Reale commenced Case No. 07 CV 7358 by filing a complaint dated August 17, 2007;

WHEREAS, the parties agree that the above-captioned cases involve common questions of law and fact;

WHEREAS, Plaintiffs intend to file a consolidated amended complaint or designate one of the filed complaints as the operative complaint (the "Consolidated Complaint"); and

WHEREAS, Nominal Defendant ITT Corporation anticipates filing a motion to dismiss the Consolidated Complaint on the grounds that it fails to properly allege that demand on the ITT Board of Directors would be futile (the "Demand Futility Motion");

IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel, as follows:

### A. CONSOLIDATION OF ACTIONS

1. The above-captioned cases shall be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a).

2. The Clerk of the Court will maintain a master docket and case file under the style "In re ITT Corporation Derivative Litigation," master file number 07-CV-2878 (CLB), the lowest case number of the captioned actions. All orders, pleadings, motions and other documents, when filed and docketed in the master case, will be deemed filed and docketed in each individual case to the extent applicable.

3. All documents henceforth filed in this consolidated action shall bear the following caption and no other captions or docket numbers:

3

IN RE ITT CORPORATION ) No. 07-Civ-2878 (CLB)
DERIVATIVE LITIGATION )
)

~~Documents intended to apply only to a particular case will indicate in their caption the case number of the case and cases to which they apply and an extra copy will be provided to the Clerk to facilitate filing and docketing both in the master case file and the specified individual case files.~~

4. Defendants need not respond to the complaints filed in any of the above-captioned cases.

### B. ACCEPTANCE OF SERVICE OF PROCESS

5. Simpson Thacher & Bartlett LLP as agent for service of process for the following individual Defendants acknowledges due and proper service of the summons and complaint on each of them in the above captioned actions: Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, Dr. John J. Hamre, Raymond W. Leboeuf, Frank T. Mcinnis, Linda S. Sanford, and Markos I. Tambakeras.

### C. SCHEDULING

6. Plaintiffs shall file or designate a Consolidated Complaint no later than forty-five days from the date this Stipulation and [~~Proposed~~] Order is entered by the Court.

7. ITT shall serve the Demand Futility Motion no later than ~~forty-five~~ *thirty* days after service or designation of the Consolidated Complaint.

8. Plaintiffs shall serve their opposition to the Demand Futility Motion no later than *thirty* ~~forty-five~~ days from the date of service of the Demand Futility Motion.

9. ITT shall serve any reply in support of the Demand Futility Motion no later than *ten* ~~twenty-one~~ days after service of the opposition by Plaintiffs. *Oral argument of the motion is set for January 18, 2008 at 10:00 AM*

4

10. The Individual Defendants shall not be required to answer or otherwise respond to the Consolidated Complaint until thirty days after receipt of the Court's decision on the Demand Futility Motion, if such decision denies the Demand Futility Motion.

D. **APPOINTMENT OF LEAD COUNSEL**

11. The law firms of Harwood Feffer LLP, Weiss & Lurie and Paskowitz & Associates are appointed as plaintiffs' Executive Committee with the firm of Harwood Feffer LLLP as Chairman of said Committee.

12. The Chairman of the Committee, in consultation with the members of the Committee shall assume and exercise the following powers and responsibilities:

   a. Coordinate the briefing and argument of motions;

   b. Coordinate the conduct of written discovery;

   c. Coordinate the examination of witnesses in depositions;

   d. Coordinate the selection of counsel to act as spokesperson at pretrial conferences;

   e. Call meetings of the Committee as it deems necessary and appropriate from time to time;

   f. Conduct all settlement negotiations with counsel for the defendants;

   g. Coordinate and direct the preparation for trial, and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h. Receive orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs; and

   i. Supervise any other matters concerning the prosecution or resolution of the action.

5

13. With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with the Chairman of the Committee.

14. No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by the Chairman of the Committee in consultation with the members of the Committee.

15. Counsel in any related action shall be bound by this organizational structure of plaintiffs' counsel.

E. **NEWLY-FILED OR TRANSFERRED ACTIONS**

16. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this action.

17. ~~When a case that arises out of the same subject matter of the action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:~~

    a. ~~File a copy of this Order in the separate file for such action;~~

    b. ~~Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and~~

    c. ~~Make the appropriate entry in the docket for this action.~~

18. ~~Each new case that arises out of the subject matter of this action which is filed in this Court or transferred to this Court, whether it asserts that demand is futile, that demand has been made, and/or that demand has been denied, shall be consolidated with this action and this Order shall apply thereto. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any newly-filed or transferred related action.~~

[handwritten: Deleted CAB/USDJ]

6

F. **NO PREJUDICE**

19. This Stipulation, any motion to dismiss filed by ITT, and any decision on such motion to dismiss shall be without prejudice to any and all rights and defenses of the Individual Defendants in this Action, including but not limited to, any Individual Defendant's right to move to dismiss the Consolidated Complaint on any ground (other than Demand Futility if the Court denies ITT's Demand Futility Motion). *the hearing presently set for November 2, 2007 is cancelled.*

*SO ORDERED*

Dated: September __, 2007
*White Plains, NY*

HARWOOD FEFFER LLP

By: _____/s/ Samuel K. Rosen_____
Robert I. Harwood
Samuel K. Rosen
488 Madison Avenue
New York, NY 10022
Tel.: (212) 935-7400

*Counsel for Plaintiff Sylvia B. Piven*

**WEISS & LURE**

By: _____/s/ James Tullman_____ - by permission
Joseph H. Weiss                                *Samuel K. Rosen*
James Tullman
551 Fifth Avenue
New York, NY 10176
Tel.: (212)682-3025

**STULL, STULL & BRODY**
Jules Brody
6 East 45th Street
New York, NY 10017
Tel.: (212) 687-7230

*Counsel for Plaintiff Norman Levy*

7

|  | ROY JACOBS & ASSOCIATES |
|---|---|
| By: | *[signature]* Roy Jacobs by permission *[signature]*<br>Roy Jacobs<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>Tel.: (212) 867-1156 |

**PASKOWITZ & ASSOCIATES**
Laurence D. Paskowitz
60 East 42nd Street, 46th Fl.
New York, NY 10165
Tel.: (212) 685-0969

**JACOBS LAW GROUP, PC**
Samuel R. Simon
1800 John F. Kennedy Boulevard, Suite 404
Philadelphia, PA 19103
Tel: (215) 569-9701

**ABBEY SPANIER RODD & ABRAMS, LLP**
Judith Spanier
212 East 39th Street
New York, NY 10016
Tel.: (212) 889-3700

*Attorneys for Plaintiff Anthony Reale*

|  | SIMPSON THACHER & BARTLETT LLP |
|---|---|
| By: | *[signature]*<br>Paul C. Curnin<br>Mary Beth Forshaw<br>David Elbaum<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 455-2000 |

*Counsel for Nominal Defendant ITT Corporation*

SO ORDERED.
DATED: September 10, 2007

White Plains, NY

_____
*[signature]* Charles Brieant
U.S.D.J.

8